# EXHIBIT A



COPY

1  SANFORD L. MICHELMAN, ESQ. (SBN 179702)
   smichelman@mrllp.com
2  PETER L. STEINMAN, ESQ. (SBN 144303)
   psteinman@mrllp.com
3  MICHELMAN & ROBINSON, LLP
   10880 Wilshire Blvd., 19th Floor
4  Los Angeles, CA 90024
5  Telephone:   (310) 564-2670
   Facsimile:   (310) 564-2671
6

> ORIGINAL FILED
>
> DEC 20 2016
>
> LOS ANGELES
> SUPERIOR COURT

7  Attorneys for Plaintiff WESTERN AIR CHARTER, INC. dba JET EDGE

8                SUPERIOR COURT OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10                    NORTHWEST DISTRICT

11 WESTERN AIR CHARTER, INC., doing        Case No.:   LC104971
   business as JET EDGE INTERNATIONAL,
12 a California corporation,
13                                         COMPLAINT FOR:
                 Plaintiff,                1.  BREACH OF CONTRACT;
14                                         2.  INTENTIONAL INTERFERENCE
                                               WITH CONTRACTUAL
15      v.                                     RELATIONS;
                                           3.  BREACH OF THE DUTY OF
16 PAUL SCHEMBARI, an individual; ACP          LOYALTY;
   JET CHARTERS, INC., doing business as   4.  INTENTIONAL INTERFERENCE
17 PHENIX JET, a Florida corporation; and      WITH PROSPECTIVE BUSINESS
   DOES 1-50, inclusive,                       ADVANTAGE;
18                                         5.  NEGLIGENT INTERFERENCE
19               Defendants.                   WITH PROSPECTIVE BUSINESS
                                               ADVANTAGE;
20                                         6.  TRADE SECRET
                                               MISAPPROPRIATION;
21                                         7.  UNFAIR COMPETITION;
                                           8.  DECLARATORY RELIEF; and
22                                         9.  INJUNCTIVE RELIEF.
23
24
25
26
27
28

By Fax

1

COMPLAINT

445051

Plaintiff WESTERN AIR CHARTER, INC. doing business as JET EDGE INTERNATIONAL, a California corporation ("JET EDGE"), alleges the following:

## GENERAL ALLEGATIONS

1.      Plaintiff JET EDGE is, and at all relevant times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California.  JET EDGE is a leading provider of jet charter, maintenance, and management services, with operations around the world.

2.      Defendant PAUL SCHEMBARI ("SCHEMBARI") is a former JET EDGE management employee, whom at relevant times lived in and/or commuted frequently to California and worked continuously with JET EDGE in California and elsewhere. SCHEMBARI entered and finalized his JET EDGE employment agreement in California.

3.      Defendant ACP JET CHARTERS, INC., doing business as PHENIX JET ("ACP"), is a Florida corporation established, owned, and/or controlled by SCHEMBARI that at all relevant times has done business in California.  As set forth below, while still employed by JET EDGE, SCHEMBARI planned to set up and did set up and ACP to unfairly compete against JET EDGE using JET EDGE's confidential business and customer information.

4.      Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to JET EDGE.  When their true names and capacities are ascertained, JET EDGE will amend this Complaint by inserting their true names and capacities herein.  JET EDGE is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that JET EDGE's damages as herein alleged were proximately caused by Defendants' acts.

5.      On July 18, 2013, JET EDGE entered into a Memorandum of Understanding with SOJITZ CORPORATION ("SOJITZ") that contemplated the purchase by SOJITZ of an equity stake in JET EDGE.  SOJITZ represented several Japanese jet owners with Aircraft Charter and Management Agreements with JET EDGE.  These clients included: SAM CAYMAN, INC., SEGA SAMMY HOLDINGS, INC., FAST RETAILING CO., LTD., and

2

COMPLAINT

1  POCKET CORPORATION.  After the signing of the Memorandum of Understanding, those

2  clients became clients of JET EDGE.

3      6.      On or about February 12, 2014, JET EDGE entered into an Employment

4  Agreement with SCHEMBARI under which SCHEMBARI was a Lead Pilot, eventually rising

5  to Assistant Director of Operations.  SCHEMBARI'S Employment Agreement contains, *inter*

6  *alia*, enforceable non-competition, non-solicitation, non-disparagement, and provisions that

7  prevent SCHEMBARI from preparing to compete against JET EDGE during his employment.

8      7.      During his JET EDGE employment, SCHEMBARI had access to and used JET

9  EDGE's confidential information, including trade secret information, regarding its operations,

10 customers, and structure, and acted as a liaison to multiple JET EDGE clients.  SCHEMBARI

11 also was privy to and advised JET EDGE executives regarding confidential negotiations with

12 SOJITZ.

13     8.      In January 2016, ACP and JFI Jets merged to form Alerion Aviation.  JET

14 EDGE is informed and believes and on that basis alleges that Alerion operates under the JFI Jets

15 FAA certificate, discontinuing use of the ACP Jet Charters, Inc. certificate.

16     9.      JET  EDGE  is  informed  and  believes  and  on  that  basis  alleges  that

17 SCHEMBARI, while still employed by JET EDGE, as part of his and DEFENDANTS' scheme

18 to  unfairly  compete  against  JET  EDGE,  launched  a  competing  business  by,  *inter alia*,

19 negotiating the acquisition of the ACP name and the FAA airline certificate owned by ACP.

20     10.     For example, on February 4, 2016, while still employed by JET EDGE,

21 SCHEMBARI registered the domain name "phenixjet.com." – an entity that SCHEMBARI is

22 currently using to unfairly compete with and steal JET EDGE'S clients and business.

23     11.     Effective March 14, 2016, SCHEMBARI resigned from JET EDGE, stating that

24 he intended to return home to California to accept a position as a pilot to be closer to his family.

25 SCHEMBARI made similar representations regarding his intention to return to California to

26 multiple co-workers, including his intention to be near sick family members, and to assist in the

27 operation of his family business.  Those representations were false and designed to conceal the

28 real reasons for SCHEMBARI's resignation, which was to finalize his preparations to launch a

COMPLAINT

445051

1  business to compete against JET EDGE and, ultimately, steal JET EDGE's customers and

2  business.

3          12.     On March 15, 2016, one day after leaving JET EDGE's employ, SCHEMBARI

4  incorporated PHENIX JET INTERNATIONAL in Guam.  The Guam Chamber of Commerce

5  website identifies SCHEMBARI as the President of PHENIX JET.  Shortly thereafter, several

6  JET EDGE customers terminated their JET EDGE contracts in favor of SCHEMBARI's new

7  entity.

8          13.     In May 2016, two months after SCHEMBARI resigned, SOJITZ abruptly broke

9  off negotiations.  On information and belief, SOJITZ broke off negotiations because it intended

10  to pursue a relationship with a SCHEMBARI-related entity.

11          14.     In the months following SCHEMBARI's departure from JET EDGE, four JET

12  EDGE customers terminated their Aircraft Charter and Management Agreements with JET

13  EDGE.   Those customers include POCKET CORPORATION, SEGA SAMMY, SAM

14  CAYMAN, and FAST RETAILING.

15          15.     Valid contracts, in the form of Aircraft Charter and Management Agreements,

16  existed between JET EDGE and its customers including SAM CAYMAN, INC., SEGA

17  SAMMY HOLDINGS, FAST RETAILING CO., LTD., and POCKET CORPORATION.

18          16.     Those former JET EDGE customers, SAM CAYMAN, INC., SEGA SAMMY

19  HOLDINGS, FAST RETAILING CO., LTD., and POCKET CORPORATION, have made

20  agreements with SCHEMBARI or ACP and are now chartered and managed by ACP.

21          17.     On March 23, 2016, Pocket Corporation terminated its relationship with JET

22  EDGE.  The aircraft owned by Pocket Corporation, N-number N810TS, is now listed on the

23  commercial operating certificate for ACP JET CHARTERS.

24          18.     On October 20, 2016, SAM CAYMAN terminated its Aircraft Charter and

25  Management Agreement with JET EDGE for the aircraft with tail number N251TD.

26          19.     On October 21, 2016, two more customers, FAST RETAILING and SEGA

27  SAMMY terminated their Aircraft Charter and Management Agreements with JET EDGE for

28  the aircraft with tail numbers N871FR and N115MH, respectively.

4

445051

1  20. On December 19, 2016, SOJITZ notified JET EDGE that the aircrafts owned by

2 SAM CAYMAN, FAST RETAILING, and SEGA SAMMY were to be removed from JET

3 EDGE's Air Carrier Certificate and the aircraft records, logbooks and appropriate documents

4 transferred to SOJITZ's new management company ACP Jet Charters, Inc., which is owned and

5 operated by DEFENDANTS, including SCHEMBARI.

6  21. Documents filed with the Florida Secretary of State identify SCHEMBARI as

7 ACP JET CHARTERS' President. SCHEMBARI applied for a fictitious business name in

8 Florida for ACP JET CHARTERS to do business as PHENIX JET.

9  22. SCHEMBARI is the owner or partial owner of ACP JET CHARTERS doing

10 business as PHENIX JET (hereinafter "ACP").

11  23. The Employment Agreement between Jet Edge and SCHEMBARI defines

12 Confidential Information in Section 6.1, which states in part:

> 6.1 Confidential Information. Company may, in its discretion, convey to Employee, either verbally, or by written, printed, graphic, pictorial, electronic, or other forms of communication, certain confidential, trade secret, and/or proprietary information of Company ("Confidential Information), *"Confidential Information" is to be broadly defined and includes all information that has or could have commercial value or other utility in the business of Company,* (including its affiliates, partners, principals, employees, representatives, and contractors), its clients, and all others with whom it does business. Confidential Information includes, but is not limited to inventions (whether or not patentable or reduced to practice); innovations; improvements; know-how; techniques; methods; processes; treatments; drawings; sketches:. specifications; designs; patterns; models; *client lists; client identities; client contact information; client personal information; client leads and referral sources; client profiles; client preferences; client purchasing habits and history; client contracts;* pricing; schedules; marketing and sales strategies, plans, and materials; financial information and bank statements; forms, policies and procedures; personnel records and data; compensation data; employee rosters and contact information; names of suppliers; contracts with employees and third parties; payments to third parties; licensing deals; profits and margins, analytics and modeling; legal documents; business plans; forecasts; works in progress; research and development; pending projects and proposals; investor, lender, and supplier information; technological data; internal communications; manuals; training materials; compilations: software programs; source code; object code; and all other confidential or proprietary information or trade secrets in any document, form or medium (whether merely remembered or embodied in a tangible or intangible form or medium). . . .

(Employment Agreement, p. 3, emphasis added.)

445051

24.     The Employment Agreement contains the following lawful, enforceable restrictions on competition:

> 7.1     Restrictions on Competition. Employee acknowledges that *(i) the identities of and other Confidential Information regarding, post, current, and prospective clients and business partners of Company are confidential and proprietary and constitute trade secrets under applicable law, and are not generally known;* (ii) Company uses reasonable efforts to maintain the confidentiality of all of its Confidential Information; (iii) Company expends substantial time and resources to obtain and maintain relationships with its past current, and prospective clients and business partners; (iv) due to the unique nature of Company's business relationships, contracts, and industry. the restrictive time periods set forth in this Agreement arc reasonable and necessary under the circumstances. Employee understands and acknowledges that the business requirements and likes and dislikes of Company's clients are intrinsic to the value of this information. *Accordingly, Employee further agrees, to the extent permitted by applicable law, that Employee will not, during or at any time after Employee's employment, without the prior written consent of Company, solicit any of the past, current, or prospective clients or business partners of Company to do business with any person or entity whose business competes with the business of Company, in each case, to the extent that the identity of or other information regarding, such client or business partner constitutes a trade secret of Company under applicable law, and/or to the extent that such solicitation involves acquisition, disclosure, or use of Company's Confidential Information.* Employee further agrees not to keep or use client lists, client information, and/or any other Confidential Information to mail, e-mail, or in any other manner contact or communicate with Company's clients (past, present and future) for the purpose of soliciting business for Employee's own business interests or the business interests of any person or entity, *and further agrees not to take, promote, further or cause any action that is designed to or has the effect of interfering with Company's client, contractual, business, vendor, economic, third party and/or employment relationships.* Employee further agrees that during the course of his or her employment with Company, Employee will not directly or indirectly compete with Company or aid any other individual or organization in competition with Company. Employee further agrees that Employee will never use Confidential Information to compete with Company, both during and after Employee's employment, in perpetuity.

(Employment Agreement, pp. 5-6, emphasis added.)

25.     The Employment Agreement contains the following lawful, enforceable restrictions on solicitation:

> 7.2 Non-solicitation. For one (1) year after termination of Employee's employment relationship with Company, Employee will not, either directly or indirectly, induce, solicit, recruit, or encourage any person employed by Company to end their employment relationship with Company. and will not disrupt, damage, impair, or interfere with the relationship between Company and of its officers, executives, contractors, employees or consultants.

COMPLAINT

445051

1   (Employment Agreement, p. 6.)

2       26.    The Employment Agreement also contains the following lawful, enforceable

3   prohibition on planning organizing a competing business:

4       7.4    Prohibition on Planning. During Employee's employment with the
    Company, Employee will not, either alone or in combination with other

5   employees or agents of the Company, *plan for or organize any business, entity,*
    *organization, or activity competitive with the Company.*

6   (Employment Agreement, p. 6.)

7       27.    On March 14, 2016, SCHEMBARI executed an employment separation

8   agreement, reaffirming his agreement to be bound by the Employment Agreement's provisions,

9   including but not limited to the provisions referenced above ("Employment Separation

10  Agreement").

11  <u>Jurisdiction and Venue</u>

12      28.    JET EDGE is a California corporation with a principal place of business in Van

13  Nuys, California.

14      29.    SCHEMBARI is originally from California, and has within the last few years

15  used at least two addresses located within California.

16      30.    SCHEMBARI's employment agreement contains a California choice of law

17  provision.

18      31.    During the entirety of SCHEMBARI's employment by JET EDGE,

19  SCHEMBARI reported to supervisors located in Van Nuys, California, at JET EDGE

20  headquarters.

21      32.    This action arises out of the Employment Agreement made between

22  SCHEMBARI and JET EDGE in California.

23      33.    SCHEMBARI knew or should have known that his actions would result in lost

24  sales and lost profits that would be felt by JET EDGE in Van Nuys, California. The harms

25  alleged and complained of herein occurred in the County of Los Angeles, State of California.

26

27

28

**COMPLAINT**
445051

### FIRST CAUSE OF ACTION
#### Breach of Written Contract
#### (Against Defendant SCHEMBARI)

34.    JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33, inclusive, with the same force and effect as though fully set forth herein.

35.    As set forth above, during and after his employment with JET EDGE, SCHEMBARI acted in violation of the terms of his Employment Agreement when he used JET EDGE confidential and trade secret information to form a competing business.  SCHEMBARI planned this competing venture prior to leaving Jet Edge, also in violation of the Employment Agreement and California law.   SCHEMBARI's actions resulted in multiple JET EDGE customers terminating their relationships with JET EDGE and making charter and management agreements with SCHEMBARI and ACP.

36.    On March 15, 2016, SCHEMBARI incorporated PHENIX JET.

37.    In the months following SCHEMBARI's departure from JET EDGE, multiple JET EDGE customers terminated their Aircraft Charter and Management Agreements with JET EDGE.   Those customers include POCKET CORPORATION, SEGA SAMMY, SAM CAYMAN, and FAST RETAILING.  Further, those former JET EDGE customers have made agreements with SCHEMBARI or ACP and are now chartered and managed by ACP.

38.    JET EDGE substantially performed all of its obligations under the Employment Agreement; or its performance was excused.

39.    As a result of SCHEMBARI's continuing breach of the Employment Agreement, JET EDGE has suffered and continues to suffer damages in an amount to be proved at trial.

40.    SCHEMBARI has been unjustly enriched as a result of his breach of the Employment Agreement.

445051

## SECOND CAUSE OF ACTION
### Intentional Interference With Contractual Relations
#### (Against All Defendants)

41.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40, inclusive, with the same force and effect as though fully set forth herein.

42.     During and after his employment with JET EDGE, SCHEMBARI planned to unfairly compete with JET EDGE and has done so by inducing JET EDGE customers to terminate their JET EDGE agreements and create new agreements with SCHEMBARI's competing venture.

43.     Valid contracts, in the form of Aircraft Charter and Management Agreements, existed between JET EDGE and its customers, including SAM CAYMAN, INC., SEGA SAMMY HOLDINGS, FAST RETAILING CO., LTD., and POCKET CORPORATION.

44.     JET EDGE is informed and believes, and thereon alleges, SCHEMBARI has interfered with additional contractual relations between JET EDGE and other customers.

45.     As a result of employment, SCHEMBARI had intimate knowledge of JET EDGE's contracts and customers.

46.     SCHEMBARI took intentional actions designed to induce a disruption of the contractual relationships between JET EDGE and its customers.

47.     SCHEMBARI's wrongful actions have in fact resulted in the actual disruption of those contractual relationships in the form of termination of those contracts.

48.     JET EDGE has suffered damages as a result of the termination of those contracts in the form of lost revenue in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
### Breach of the Duty of Loyalty
#### (Against Defendant SCHEMBARI)

49.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 48, inclusive, with the same force and effect as though fully set forth herein.

//

COMPLAINT

445051

50.     As a result of his JET EDGE employment, SCHEMBARI owed a duty of loyalty to JET EDGE.

51.     As set forth above, SCHEMBARI breached his duty of loyalty to JET EDGE by taking actions in direct competition with JET EDGE, and/or planning to compete directly with JET EDGE while employed by JET EDGE.

52.     As a result of misconduct, JET EDGE has been damaged in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION
**Intentional Interference With Prospective Business Advantage**
(Against All Defendants)

53.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52, inclusive, with the same force and effect as though fully set forth herein.

54.     On July 18, 2013, JET EDGE and SOJITZ entered into a Memorandum of Understanding ("MOU") pertaining to the potential purchase by SOJITZ of an equity stake in JET EDGE. Negotiations were ongoing from the date of signing of the MOU until May 2016.

55.     DEFENDANTS knew of and participated in negotiations between JET EDGE and SOJITZ.

56.     DEFENDANTS took actions to disrupt the negotiations between JET EDGE and SOJITZ, including but not limited to secretly setting up a competing venture and negotiating with SOJITZ to fund and/or co-venture in that competing business.

57.     As a result of DEFENDANTS' malfeasance, on May 5, 2016, SOJITZ cancelled negotiations with JET EDGE.

58.     As a result of that cancellation, JET EDGE lost the benefit it would have received from contemplated venture with SOJITZ.

//
//
//
//

445051

## FIFTH CAUSE OF ACTION
### Negligent Interference With Prospective Business Advantage
#### (Against All Defendants)

59.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 58, inclusive, with the same force and effect as though fully set forth herein.

60.     An economic relationship existed between JET EDGE and SOJITZ in the form of the MOU. That relationship had a reasonably probable future economic benefit or advantage to JET EDGE.

61.     DEFENDANTS knew of the MOU and the relationship it embodied. DEFENDANTS also knew that their actions could interfere with the relationship between JET EDGE and SOJITZ and could cause JET EDGE to lose the probable future economic benefit or advantage of the relationship.

62.     DEFENDANTS acted negligently in interfering with and destroying JET EDGE's relationship with SOJITZ.

63.     DEFENDANTS' negligence caused damage to JET EDGE in that the relationship between JET EDGE and SOJITZ has been actually interfered with and/or disrupted.

64.     As a result of DEFENDANTS' malfeasance, JET EDGE lost the economic benefit or advantage reasonably expected from the relationship.

## SIXTH CAUSE OF ACTION
### Trade Secret Misappropriation Under the CUTSA
#### (Against Defendant SCHEMBARI)

65.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 64, inclusive, with the same force and effect as though fully set forth herein.

66.     JET EDGE's trade secret information includes its information regarding its business operations, client lists, client contact information, fleet information, and client contract terms. This information is valuable to JET EDGE and derives independent economic value from not being generally known to the public. This information would be immediately valuable to a competitor of JET EDGE.

445051

67.     JET EDGE has taken reasonable efforts to maintain the secrecy of its trade secrets.

68.     SCHEMBARI misappropriated JET EDGE's trade secret information, through his wrongful use of that information to compete against JET EDGE before and after the termination of his employment.

69.     As a result of SCHEMBARI's actions, JET EDGE has suffered damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
### Unfair Competition under Under Business & Professions Code 17200 *et seq.*
### (Against Defendant SCHEMBARI)

70.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 69, inclusive, with the same force and effect as though fully set forth herein.

71.     SCHEMBARI has used and continues to use JET EDGE's confidential information to unfairly compete with JET EDGE and to solicit business of JET EDGE's customers.

72.     SCHEMBARI has acted unlawfully and has is conducting an unfair business practice by misusing JET EDGE confidential information during and after the course of his employment with JET EDGE to unfairly compete with JET EDGE.

73.     The extent of SCHEMBARI's improper activities during and after his employment with JET EDGE are not entirely known.

### EIGHTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

74.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 73, inclusive, with the same force and effect as though fully set forth herein.

75.     An actual controversy now exists between the parties as to their respective rights, duties, and obligations under the terms of the Employment Agreement.

12

COMPLAINT

445051

76.     JET EDGE contends that under the Employment Agreement, SCHEMBARI is prohibited from using information he obtained while employed at JET EDGE, including but not limited to information relating to JET EDGE clients to solicit business from those clients.

77.     JET EDGE further contends that SCHEMBARI and other DEFENDANTS have interfered with and obstructed JET EDGE's rights to protection of its confidential information and trade secrets under the Employment Agreement by soliciting business from JET EDGE clients, thereby causing those clients to terminate valuable contracts with JET EDGE.

78.     JET EDGE alleges on information and belief that DEFENDANTS dispute JET EDGE's contentions herein.

79.     A declaration of the rights, duties, and obligations of the parties is necessary to determine and protect JET EDGE's rights, and to avoid a multiplicity of actions.

## NINTH CAUSE OF ACTION
### Injunctive Relief
### (Against All Defendants)

80.     JET EDGE realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 79, inclusive, with the same force and effect as though fully set forth herein.

81.     Unless enjoined, DEFENDANTS will continue to misappropriate JET EDGE's confidential information and trade secrets in violation of the Employment Agreement, interfere with JET EDGE's contracts and business relationships, and violate the laws of the State of California, including California Bus. & Prof. Code § 17200, *et seq.*

82.     DEFENDANTS' wrongful conduct, unless and until enjoined and restrained by order of this Court, will continue to cause great and irreparable injury to Plaintiff.

83.     JET EDGE has no adequate remedy at law for the wrongful acts being committed and damages currently being suffered, in that that they would not completely compensate for the injury to JET EDGE's business relationships, business reputation and goodwill.

84.     SCHEMBARI explicitly agreed in the Employment Agreement that injunctive relief is necessary and proper where, as here, the agreement is breached, or there is a threatened

13

445051

breach:

> In the event of a breach, or a threatened breach, by Employee of this Agreement, *Company shall have the right to have the provisions of this Agreement specifically enforced by any Court having equity jurisdiction, because breach or threatened breach will cause irreparable injury to Company and money damages will not provide an adequate remedy. Thus, Company shall be entitled to injunctive relief, specific performance, or both, and shall be entitled to have entered a temporary restraining order, preliminary or permanent injunction, or order compelling specific performance,* without the necessity of posting a bond or other security, in addition to whatever other remedies may be available at law or otherwise.

(Employment Agreement, Section 9, pp. 6-7.)

85.   Therefore, JET EDGE seeks an order from the Court enjoining and directing DEFENDANTS and those acting in concert with them, to: (a) refrain from using JET EDGE's confidential information and/or trade secrets to initiate any further contact with any client or former client of JET EDGE whom SCHEMBARI learned of while working with Plaintiff, and/or any prospective customer or any customer whose identity SCHEMBARI learned as a result of his employment with JET EDGE; (b) refrain from using JET EDGE's confidential information and/or trade secret information to interfere with JET EDGE contractual relationships, specifically aircraft charter and management agreements; and (c) refrain from any other further breaches of the Employment Agreement.

## PRAYER FOR RELIEF

WHEREFORE, JET EDGE prays for judgment as follows:

1.   For general, special, consequential and incidental damages of more than $25,000, according to proof.

2.   For restitution and/or disgorgement of all money, profits, compensation or property DEFENDANTS have acquired or will acquire by any wrongful or unlawful means.

3.   For an order requiring DEFENDANTS to show cause, if any, why they should not be enjoined, as hereinafter set forth, during the pendency of this action.

4.   For a temporary restraining order, a preliminary injunction, and a permanent injunction requiring DEFENDANTS and those acting in concert with them:

//

//

14

COMPLAINT

1        a.      To refrain from using JET EDGE's confidential information and/or trade secrets

2  to initiate any further contact with any client or former client of JET EDGE or to improperly

3  and unfairly compete against JET EDGE;

4        b.      To refrain from using JET EDGE's confidential information and/or trade secret

5  information to interfere with JET EDGE's contractual relationships, including but not limited

6  aircraft charter and management agreements; and

7        c.      To refrain from any other further breaches of the Employment Agreement.

8  5.    For exemplary and punitive damages.

9  6.    For costs of suit incurred herein.

10  7.    Attorney's fees.

11  8.    For pre-judgment interest at the legal rate.

12  9.    For such other and further relief as the Court may deem just and proper.

13

14  Dated: December 20, 2016            **MICHELMAN & ROBINSON, LLP**

15

16                   By:

17                       Sanford L. Michelman

18                       Peter L. Steinman

19                       Attorneys for Plaintiff

20                       *WESTERN AIR CHARTER, INC.*
                         *doing business as JET EDGE*
                         *INTERNATIONAL*

21

22

23

24

25

26

27

28

# M|R MICHELMAN & ROBINSON, LLP
## ATTORNEYS AT LAW

**Matthew F. Murray**
mmurray@mrllp.com

Los Angeles Office
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA  90024
P 310.564.2670  F 310.564.2671  www.mrllp.com

December 21, 2016

**VIA OVERNIGHT DELIVERY**

Steven M. Chanley, Esq.
735 Tank Farm Road, Suite 224
San Luis Obispo, CA 93401

Re:   *Jet Edge v. Paul Schembari, ACP Jet Charters, Inc., et al.*

Dear Mr. Chanley:

As you are aware, this firm represents Plaintiff Western Air Charter, Inc., dba Jet Edge International.  Per your November 10, 2016 correspondence, we understand that you represent Defendants Paul J. Schembari and ACP Jet Charters, Inc., dba Phenix Jet.  Copies of the summons and December 20, 2016 complaint and related documents are enclosed.  Kindly complete and return the enclosed Notice and Acknowledgment of Receipt.

Sincerely,

MICHELMAN & ROBINSON, LLP

Matthew F. Murray, Esq.

Los Angeles   |   Orange County   |   Sacramento   |   San Francisco   |   Chicago   |   New York

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br> Sanford L. Michelman SBN 179702; Peter L. Steinman SBN 144303<br> MICHELMAN & ROBINSON, LLP<br> 10880 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90024<br><br> TELEPHONE NO.: (310) 564-2670   FAX NO. *(Optional):* (310) 564-2671<br> E-MAIL ADDRESS *(Optional):* smichelman@mrllp.com; psteinman@mrllp.com<br> ATTORNEY FOR *(Name):* Plaintiff WESTERN AIR CHARTER, INC. | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br> STREET ADDRESS: 6230 Sylmar Avenue<br> MAILING ADDRESS: 6230 Sylmar Avenue<br> CITY AND ZIP CODE: Van Nuys, CA 91401<br> BRANCH NAME: Northwest District |

PLAINTIFF/PETITIONER: Plaintiff WESTERN AIR CHARTER, INC.

DEFENDANT/RESPONDENT: PAUL SCHEMBARI; ACP JET CHARTERS, et al.

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br> LC104971 |

TO *(insert name of party being served):* PAUL SCHEMBARI

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 21, 2016

Peter L. Steinman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☐   Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

| PLAINTIFF(S)/PETITIONER(S) | CASE NUMBER | FILE STAMP |
|---|---|---|
| | LC104071 | ORIGINAL FILED |
| DEFENDANT(S)/RESPONDENT(S) | NOTICE OF: TRIAL SETTING/ CASE MANAGEMENT CONFERENCE/ OSC RE: DISMISSAL | DEC 20 2016 LOS ANGELES SUPERIOR COURT |

TO THE PLAINTIFF(S) AND THE ATTORNEY OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE ABOVE MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES,

INCLUDING TRIAL, TO JUDGE HUEY P. COTTON, PRESIDING IN DEPARTMENT "A" OF THE

NORTHWEST DISTRICT ON 5/9/17   AT 8:30 A.M. IN THE SUPERIOR COURT, LOCATED AT

6230 SYLMAR AVENUE, VAN NUYS, CA 91401.

You are Ordered to serve this notice of hearing to all parties/attorneys of record forthwith and serve a copy of this notice to all parties to the action within 60 days of service of this notice. The Court orders that except as otherwise ordered in writing, all attorneys (or unrepresented parties as applicable) appear at all scheduled hearings. All parties/attorneys of record are ordered to meet and confer about the matters to be discussed no later than 30 days before the Case Management Conference (which shall take place approximately 140 days from filing of the complaint). The complaint must be served on all named defendants and proofs of service must be filed with the Court within 60 days after the filing of the complaint. If all named defendants have not been served and proofs filed before the 60 days have elapsed, application must have been made with Court to extend or otherwise modify Rule CRC 3; 110 (b),(c) and (e).

YOU ARE ORDERED:

1). To give notice of this hearing and serve a copy of this notice to all parties to the action within 60 days of service of this notice.

2). To bring to the hearing the original Proof of Service of said notice to all of the other parties served by you.

ALL PARTIES ARE ORDERED to have trial counsel, or an attorney thoroughly familiar with the case and trial counsel's calendar, appear at the hearing.

HUEY P. COTTON

Judge of the Superior Court

### CERTIFICATE OF SERVICE

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff delivering the copy to the designated representative/attorney service at the time of filing of the original complaint.

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy in person this date to counsel for plaintiff or plaintiff in pro per.

A CORPORATION MUST BE
REPRESENTED BY A LICENSED
CALIFORNIA ATTORNEY

BY: _____   PHILIP YAP   , Deputy



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAUL SCHEMBARI, an individual; ACP JET CHARTERS, INC. dba
PHENIX JET, a Florida corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WESTERN AIR CHARTER, INC. dba JET EDGE INTERNATIONAL,
a California corporation

</td>
<td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

DEC 20 2016

LOS ANGELES
SUPERIOR COURT

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Northwest District
6230 Sylmar Avenue, Van Nuys, CA 91401

</td>
<td>

CASE NUMBER:
*(Número de Caso):*
LC104971

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford L. Michelman, Michelman & Robinson, LLP, 10880 Wilshire Blvd. 19th Flr., L.A., CA 90024; (310) 564-2670

DATE: December 20, 2016      Clerk, by _____ , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ACP JET CHARTERS, INC. dba PHENIX JET

     under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PAUL SCHEMBARI, an individual; ACP JET CHARTERS, INC. dba
PHENIX JET, a Florida corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WESTERN AIR CHARTER, INC. dba JET EDGE INTERNATIONAL,
a California corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   ¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):* |

Northwest District
6230 Sylmar Avenue, Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanford L. Michelman, Michelman & Robinson, LLP, 10880 Wilshire Blvd. 19th Flr., L.A., CA 90024; (310) 564-2670

| DATE: December 20, 2016<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* ACP JET CHARTERS, INC. dba PHENIX JET

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

