# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN AIR CHARTER, INC., doing business as JET EDGE INTERNATIONAL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SCHEMBARI, an individual; ACP JET CHARTERS, INC., doing business as PHENIX JET, a Florida corporation; PHENIX JET LLC, a Guam Limited Liability Company, COSA DI FAMIGLIA HOLDINGS, LLC, a Guam Limited Liability Company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00420-AB-KS<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The parties herein, by and through their respective attorneys of record, hereby stipulate and agree as follows:

## 1. PURPOSES AND LIMITATIONS.

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in § 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT.

This action regards the alleged misappropriation of trade secrets under the California Uniform Trade Secrets Act. Therefore, it may involve trade secrets, technical information, customer and pricing lists, supply chain information, research and development, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, business or financial information, customer information, marketing plans, technical information, research and development, information regarding confidential business practices, information implicating privacy rights of third parties, and/or information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or

federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and good cause exists why it should not be part of the public record of this case.

**3. DEFINITIONS.**

    **3.1** **Action:** this pending lawsuit, captioned "*Western Air Charter, Inc. v. Schembari, et al.*" and bearing case number 2:17-cv-00420-AB-KS.

    **3.2** **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

    **3.3** **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    **3.4** **Designating Party:** a Party or Non-Party that designated information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

    **3.5** **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**3.6 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:** information (regardless of how it is generated, stored or maintained) that the Designating Party in good faith reasonably believes is highly sensitive and would provide the other Party or a third Party with an unfair competitive or improper advantage, including but not limited to: (i) trade secrets; (ii) proprietary technical specifications, drawings, descriptions, processes, and other proprietary information; (iii) financial or strategic business plans, agreements and projections; (iv) pricing information; (v) customer information; and (vi) information that is subject to an express obligation of confidentiality owed by the Designating Party to a third-party.

**3.7 In-House Counsel:** attorneys who are employees of a party to this Action and who act in the capacity as attorneys as part of their job duties. In-House Counsel does not include Outside Counsel or any other outside counsel.

**3.8 Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**3.9 Outside Counsel:** attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

**3.10 Outside Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. "Outside Expert" excludes (i) persons who are currently employees of any Party, (ii) persons who are currently an officer of or director of any Party, and (iii) persons who have a financial interest (including an ownership interest) in any of the Parties to this Action. No Party may employ or contract with an Outside Expert for six months from the date of settlement or the entry of judgment in the trial court in this Action, whichever is earlier. However, the immediately preceding prohibition does not bar a Party from employing or contracting with an Outside

Expert as an outside expert for another litigation, arbitration, or a similar proceeding.

 **3.11** **Party:** any party to this Action, including all of its officers, directors, employees, consultants, Outside Experts, and Outside Counsel (and their support staffs).

 **3.12** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

 **3.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

 **3.14** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to the terms of the Stipulated Protective Order, as well as any documents, information, or materials derived from, containing or reflecting such designated information or materials.

 **3.15** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.** **SCOPE.**

 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

 Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.** **DURATION.**

 Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant

to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of the protective order do not extend beyond the commencement of the trial, which shall be governed by orders of the trial judge.

6. **DESIGNATING PROTECTED MATERIAL.**

   6.1 **Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communication that qualify so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

   6.2 **Manner and Timing of Designations.**  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary forms (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY legend," as appropriate), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party (i) identify the Disclosure or Discovery Material on the record and before the close of the deposition *or* (ii) in writing, within fourteen days of receiving the deposition transcript. If requested on the record at the deposition, all testimony at that deposition shall be treated as Highly Confidential – Outside Counsel's Eyes Only until the earlier of (i) twenty days after all Parties and all Non-Parties at the deposition have received a deposition transcript or (ii) all Parties and all Non-Parties at the deposition have designated testimony as Protected Material (or have stated in writing that they have elected not to make any designations).

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) For information in the form of software or digital material stored on an electronic storage device, that the Designating Party affix either a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" legend on the device itself, if possible, or by designating the material as CONFIDENTIAL or as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY in accompanying written correspondence, e-mails, or similar transmissions. However, this method cannot be used if the software or digital material is of a nature such that the material itself can be marked with a "CONFIDENTIAL" legend (e.g., a PDF on an electronic storage device must have the pertinent pages of the PDF affixed with a "CONFIDENTIAL" legend; it is not sufficient to designate such material confidential via accompanying written correspondence, emails, or similar transmissions).

**6.3 Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

**7.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**7.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

**7.3 Burden.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

Designating Party has waived or withdrawn the confidentiality designations, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.  ACCESS TO AND USE OF PROTECTED MATERIAL.**

**8.1  Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of § 14 below (titled, "FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.2  Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items**.

Until or unless the Court rules otherwise, material marked or otherwise designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" shall be maintained in strict confidence by the Parties to whom such material is produced under the terms set forth below. Protected Material shall be used by recipients solely for purposes of assisting with this lawsuit and for no other purpose. No person receiving Protected Material shall reveal or discuss such information to or with any person who is not entitled to receive such information pursuant to this Order.

**A.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees and contract attorneys of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Outside Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledge and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**B.** Unless otherwise directed by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel in this Action, as well as employees and contract attorneys of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action for the purposes of assisting with this litigation;

    (b) Outside Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    (c) the Court and its personnel;

    (d) court reporters and their staff;

    (e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

    (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the document and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    (h) A witness at trial or deposition in the following circumstances:

        (i) A present director, officer, employee, designated Rule 30(b)(6) witness, and/or outside consultant of a Producing Party may be examined and may testify concerning Highly Confidential – Outside Counsel's Eyes Only information that has been produced by that Party;

        (ii) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined, and may testify concerning Highly Confidential – Outside Counsel's Eyes Only information as to which he or she has prior

knowledge, as evidenced by either the face of the document or witness statements, other documents, or testimony to that effect;

(iii) Non-parties may be examined or testify concerning Highly Confidential – Outside Counsel's Eyes Only information if it appears from the face of the document or witness statements, other documents, or testimony to that effect that the Non-Party has prior knowledge of the material as a result of any contact or relationship with the Producing Party or a representative of such Producing Party;

(i) Any person not entitled to receive Confidential or Highly Confidential – Outside Counsel's Eyes Only information shall be excluded from the portion of the examination or deposition concerning such information, unless the Producing Party (or, if not the same person or entity, the party designating the information) consents to persons other than qualified recipients being present;

(j) Any witnesses provided Confidential or Highly Confidential – Outside Counsel's Eyes Only information pursuant to this Order may not retain copies of such information unless permitted by other provisions of this Order.

**C.** A Party may not disclose information designated by another Party as Confidential or Highly Confidential – Outside Counsel's Eyes Only to persons allowed to view such materials under Section 8 of this Stipulated Protective Order until that person has signed and agreed to the provisions set forth in Exhibit A to this Order (the "Acknowledge and Agreement to Be Bound"). Parties will maintain a signed copy of Exhibit A for each such person.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.** **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.** **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligation of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other proceedings.

## 13. MISCELLANEOUS.

**13.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2 Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by the Stipulated Protective Order.

**13.3 Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specified Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.4 Provision of Legal Advice.** This Stipulated Protective Order shall not bar the Parties' Outside Counsel, in the course of rendering legal advice to his or her client relating to this litigation, from conveying an evaluation of the litigation. However, in rendering such advice and otherwise communicating with

the client, Outside Counsel shall not disclose the contents, directly or indirectly, of any material designated Highly Confidential – Outside Counsel's Eyes Only.

**13.5** **No Waiver.** This Stipulated Protective Order is without prejudice to the right of any Party to move for a separate protective order relating to any particular document or information, including restrictions different from those specified herein, and/or to present other appropriate motions.

**14. FINAL DISPOSITION.**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in § 5 (titled, "DURATION").

\\
\\
\\

**15. <u>VIOLATIONS.</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE, IT IS SO ORDERED.

Dated: October 6, 2017

                                            KAREN L. STEVENSON
                                            UNITED STATED MAGISTRATE JUDGE

# EXHIBIT A

## Acknowledgment and Agreement to be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Western Air Charter, Inc. v. Schembari*, Case No. 2:17-cv-00420. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____