Angela Hebberd (SBN 300114)
ahebberd@duanemorris.com
**DUANE MORRIS LLP**
865 S. Figueroa, Suite 3100
Los Angeles, CA 90017
Telephone: +1 213.689.7400
Facsimile: +1 213.689.7401

Lawrence H. Pockers (admitted *pro hac vice*)
lhpockers@duanemorris.com
Thomas T. Loder (admitted *pro hac vice*)
ttloder@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Telephone: +1 215.979.1000
Facsimile: +1 215.979.1020

Attorneys for Defendants PAUL SCHEMBARI; ACP JET CHARTERS, INC.; PHENIX JET INTERNATIONAL, LLC; and COSA DI FAMIGLIA HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN AIR CHARTER, INC., doing business as JET EDGE INTERNATIONAL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SCHEMBARI, an individual; ACP JET CHARTERS, INC., doing business as PHENIX JET, a Florida corporation; PHENIX JET LLC, a Guam Limited Liability Company, COSA DI FAMIGLIA HOLDINGS, LLC, a Guam Limited Liability Company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00420-JGB (KSx)<br><br>Honorable Jesus G. Bernal<br><br>**RESPONSE TO NOVEMBER 21, 2018 ORDER**<br><br>Complaint Filed:  December 20, 2016<br>Trial Date:             January 15, 2019 |

## I.   INTRODUCTION

Duane Morris LLP respectfully responds to this Court's November 21, 2018 Order which requires a written response as to why counsel should not be sanctioned as stated in that Order.  For the reasons that follow, counsel respectfully submits that no sanctions are warranted.

The Court's November 7, 2018 Order begins:  "Upon review of the parties' numerous submissions seeking leave to file under seal evidence and briefing related to their cross-motions for summary judgment, the Court is concerned that the parties are abusing the Court's procedure for filing under seal."  ECF No. 226.

Counsel recognizes that the Courts in the Ninth Circuit apply a more stringent test for determining whether to seal materials relating to motions (like the parties' cross-motions for summary judgment) that are more than tangentially related to the merits of the case.  *See, e.g., Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016).  Courts in this Circuit also recognize a fundamental difference between the designations a party makes under the terms of a protective order, on the one hand, and whether those designations are sufficient to warrant sealing when the document is attached to a judicial filing, on the other hand.  *See* "A Protective Order Doesn't Guarantee Sealing" Apr. 3, 2017: https://www.americanbar.org/publications/litigation-news/practice-points/a-protective-order-doesnt-guarantee-sealing/ (Hon. Karen L. Stevenson, U.S. Magistrate Judge for the Central District of California); *see also Kamakana v. City and Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) ("Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.") (quoting *Nixon,* 435 U.S. at 597, 98 S.Ct. 1306).

DM1\9198017.4 G5425/00001

2
RESPONSE TO NOVEMBER 21 ORDER

Citing the above-referenced case law, Defendants opposed Plaintiff's motion to seal the five categories of documents Plaintiff requested be sealed, on the grounds that there is a higher standard for sealing materials attached to a motion for summary judgment. *See* ECF No. 184 (Aug. 13, 2018 Response to Plaintiff's Application to Seal) and ECF No. 203 (Aug. 23, 2018 Response to Plaintiff's Application to File Under Seal).

When Defendants received the Court's November 7, 2018 Order – expressing the Court's concern that the parties were abusing the Court's procedure for filing documents under seal – Defendants interpreted it as an indication that requests for sealing in the context of the parties' cross-motions for summary judgment would be treated differently than prior sealing requests have been treated up to this point in the case. Defendants believed the Court was signaling to the parties that the parties' designations of documents under the protective order was not the salient issue, and that the parties should not request that any materials be sealed absent the most compelling circumstances supported by specific factual findings – consistent with the language in the Stipulated Protective Order entered by the Court in this case relating to treatment of discovery materials at trial. ECF No. 90 at ¶ 5 (citations omitted). Accordingly, in the Joint Document Regarding Motions To Seal ("Joint Submission"), Defendants requested that only five of their own documents be sealed, and opposed Plaintiff's requests to seal.

In hindsight, it appears that Defendants read too much into the Court's November 7, 2018 Order. Defendants also did not fully explain in the parties' November 14, 2018 joint submission to the Court why Defendants were taking a different position with respect to the sealing requests made by Plaintiff in the context of the cross-motions for summary judgment – *i.e.*, the explanation provided above – than Defendants have taken with respect to sealing requests made in connection with prior motions in the case. As explained below, Defendants did not have a fair opportunity to address and rebut the arguments Plaintiff made in support of sealing –

including Plaintiff's arguments concerning Defendants' opposition to the sealing of certain documents previously designated by Defendants as Highly Confidential under the terms of the Court's Protective Order.  Finally, Defendants recognize now that they did not include an appropriate explanation for the four documents that Defendants requested be sealed.

The Court in its November 21, 2018 Order expressed a concern that counsel violated the Protective Order.  Defendants respectfully submit that they did not violate the Protective Order.  *See* Pockers Declaration at ¶ 10.  Defendants had a good faith basis to designate ACP Jet Charters' Aircraft Management Agreements (Nos. 5-9 in the Joint Submission), Phenix Jet's Employee Handbook (No. 12 in the Joint Submission), and Phenix Jet Employee Agreements (Nos. 15-20 in the Joint Submission) as confidential under the Protective Order.  With respect to ACP Jet Charters' Aircraft Management Agreements, Paragraph 3.6(vi) of Protective Order specifies that information "subject to an express obligation of confidentiality owed by the Designating Party to a third-party" qualifies for "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S ONLY" designation.  Each of these Agreements contains such a provision. (See Dkt No. 179-4, Exhs. 23, 24, 25, 26 and 33 to the Declaration of Jesse Krompier at par. 13.10 of each.)  With respect to the Phenix Jet Employee Handbook, "confidential" is defined in the Protective Order as information qualifying for protection under Federal Rule of Civil Procedure 26(c), which in turn incorporates confidential commercial information. (See Dkt No. 179-6, Exh. 59 to the Declaration of Jesse Krompier.)  For this same reason, the Phenix Jet Employee Agreements were rightfully designated as confidential. (See Dkt No. 179-5, Exh. 32 to the Declaration of Jesse Krompier; Dkt No. 195-3, Exhs. 23, 32, 33; and Dkt No. 195-4 and Exhs. 35 and 37 to the Declaration of Robert Estrin.)  By way of further explanation regarding the designation of documents as confidential, as the case law and guidance cited above counsels, the mere fact that a party designates a document as confidential under the

terms of a protective order, as was the case here, does not mean that document can or should be sealed in connection with a motion related to the merits of the case.

Defendants respectfully submit that none of the above rises to the level that would warrant sanctions under established Ninth Circuit precedent. Defendants objectively believed that their opposition to sealing of the materials Plaintiff sought to be sealed was well grounded in law and fact, and that their opposition to Plaintiff's sealing requests was not unreasonable, vexatious, or argued in bad faith. With respect to Defendants' failure to provide an appropriate explanation for four documents that Defendants requested be sealed, Defendants did not do so recklessly, or in a manner that was unreasonably vexatious or designed to multiply the proceedings. Defendants also had a good faith basis for their designations under the Protective Order.

## II.    RELEVANT FACTS

On November 7, 2018 the Court issued its "Order Directing Parties to Meet and Confer and to File Joint Document Regarding Motions to Seal by Wednesday, November 14, 2018" (hereinafter the "Court's November 7, 2018 Order"). [ECF No. 226] The parties met and conferred on November 8, 2018 and agreed that Plaintiff would prepare the first draft of the joint document, since Plaintiff sought to have sealed significantly more documents (ultimately, 22 versus 5) in connection with the parties' summary judgment motions. *See* Pockers Declaration at ¶ 4. On the evening of November 12, 2018, Plaintiff's counsel provided Defendants' counsel with a table of the documents which Plaintiff sought to have sealed. *See* Pockers Declaration at ¶ 5 and Exh. A. The table provided by Plaintiff did not include any arguments in support of sealing. *Id*.

Defendants have consistently taken the position in this case that Jet Edge's Employee Handbook, its form of employment agreement, the Initial Operating Experience document and Jet Edge's Aircraft Management Agreements are not trade secrets. Indeed, Defendants retained an industry expert, Jon Ross, who has issued an opinion that these (and other) documents that Plaintiff claimed to be its trade secrets

are not trade secrets. Nevertheless, prior to the filing of the Motions for Summary Judgment, Defendants have not opposed Plaintiff's attempts to have these documents filed under seal pursuant to the terms of the Protective Order. Nor had Defendants taken the issue up with the Court to challenge Plaintiff's designations under the Protective Order, since Defendants viewed any such challenge to be an unnecessary expense to resolve collateral, discovery-related issues that would ultimately be addressed substantively by the Court on summary judgment and/or at trial.

Defendants were mindful of the fact that Courts in this Circuit treat requests for sealing in the context of motions related to the merits of the case differently from requests for sealing in the context of motions that are not related to the merits of the case. *See, e.g., Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). *See also* "A Protective Order Doesn't Guarantee Sealing" Apr. 3, 2017: https://www.americanbar.org/publications/litigation-news/practice-points/a-protective-order-doesnt-guarantee-sealing/ (Hon. Karen L. Stevenson, U.S. Magistrate Judge for the Central District of California).

Defendants opposed sealing of the five categories of documents Plaintiff sought to be sealed in the oppositions Defendants filed to Plaintiff's sealing motions in connection with the summary judgment briefing, on the grounds that the standard for sealing is different in connection with dispositive motions. *See* ECF No. 184 (Aug. 13, 2018 Response to Plaintiff's Application to Seal) and ECF No. 203 (Aug. 23, 2018 Response to Plaintiff's Application to File Under Seal). Defendants understood the Court's admonition in the first sentence of its November 7, 2018 Order to be the Court effectively stating that requests to seal any documents associated with the parties' cross-motions for summary judgment – regardless of how those documents had been designated under the Protective Order – would be strictly scrutinized by the Court.

For this reason, in reviewing the table provided by Plaintiff's counsel on November 12, 2018, Defendants again advised Plaintiff that they opposed sealing the

categories of documents Plaintiff sought to be sealed – including the corollary Phenix Jet documents on Plaintiff's list which had previously been designated by Defendants under the Protective Order. *See* Pockers Declaration at ¶ 7 and Exhs. B and C (November 13, 2018 email from Angela Hebberd to Plaintiff's counsel attaching Defendants' response to the table provided by Plaintiff.)

Plaintiff's counsel did not provide Plaintiff's arguments in support of sealing to Defendants' counsel until 7:34 p.m. PST (10:34 EST) on November 14, 2018 – the deadline for the Court's submission. *See* Pockers Declaration at ¶ 8 and Exhs. D and E (November 14, 2018 email and attachment from Robert Estrin.) Defendants do not attribute any improper motive or fault to Plaintiff's counsel – the parties were moving as quickly as they could to comply with the Court's November 7, 2018 Order. Nevertheless, as a result of the timing, Defendants did not have an adequate opportunity to rebut the arguments made by Plaintiff in the joint submission ultimately filed by Plaintiff's counsel later that evening.

Defendants now recognize that they obviously misconstrued – and read too much into – what the parties were being asked to do in the Court's November 7, 2018 Order. Defendants also recognize that they did not include an adequate description of the documents they sought to be sealed in categories #24-27 of the parties' November 14, 2018 joint submission. Defendants believed that they were properly responding by identifying the documents in the second column of the November 14, 2018 submission titled "Description of the Document Sought to be Sealed," but Defendants now see that merely identifying where the document could be found in prior filings was not helpful to the Court or responsive to what the Court had requested. *See* Pockers Declaration at ¶ 9. The Court in its November 21, 2018, Order denied the request of Defendants to seal documents 24-27.

### III. LEGAL ARGUMENT

#### A. Relevant Legal Standards - Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

In gauging the reasonableness of an attorney's inquiry, the Advisory Committee Notes to Rule 11 suggest consideration, in part, of these factors: (1) the amount of time available to the signer for conducting the factual and legal investigation; (2) the necessity of relying on a client for the underlying factual information; and (3) the plausibility of the legal position advocated. *See, e.g.*, *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988).

When evaluating whether conduct violates Rule 11, the Ninth Circuit applies an objective reasonableness standard, which is defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact. *Moore v. Keegan Mgmt. Co.* (*In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996) (citing *Zaldivar v. Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986)); *see also Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 557 (9th Cir. 1986). Further, the wisdom of hindsight should be avoided, and the attorney's conduct must be judged by "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee note to 1983 amendments.

Where the conduct involves violation of an order, courts in the Ninth Circuit look to whether the conduct was reckless and unreasonably vexatious and multiplied

the proceedings in assessing whether to issue sanctions. *See Pringle v. Adams*, 556 Fed Appx 586 (9th Cir. 2014).

The Court also has the power to sanction under 28 U.S.C. § 1927. Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 provides courts with authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings." *Gadda v. Ashcroft*, 377 F.3d 934, 943 n.4 (9th Cir. 2004). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *Id.* (internal citations omitted).

Courts also have the inherent power to sanction a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Under a court's inherent power, "a court 'certainly may assess [sanctions] against counsel who willfully abuse judicial processes.' " *Id.* at 991 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.' " *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citation omitted). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.' " *Id.* at 649; *see also In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).

B.  **Relevant Legal Standards – Standard for Filing Documents Under Seal**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). Despite the strong preference for public access, courts in the Ninth Circuit recognize different standards for sealing depending on how closely the motion at issue relates to the merits of the case. *See Ctr. For Auto Safety*, 809 F.3d at 1097-1099. Where the motion is only tangentially related to the merits of the case, the less stringent "good cause" standard applies; for all other motions, the more stringent "compelling reasons" standard applies. *Id*.

Courts in this Circuit also recognize a fundamental difference between the designations a party makes under the terms of a protective order, on the one hand, and whether those designations are sufficient to warrant sealing when the document is attached to a judicial filing, on the other hand. As one Federal Magistrate Judge in this District has cautioned:

> Parties cannot presume that what is confidential in discovery will be sealed when the document is attached to a motion or other court filing.
>
> While "good cause" suffices to put a protective order in place governing discovery disclosures, getting an order to seal a court record from public disclosure is an entirely different matter. Sealing a court record generally requires a much higher showing of "compelling reasons."

"A Protective Order Doesn't Guarantee Sealing" Apr. 3, 2017: https://www.americanbar.org/publications/litigation-news/practice-points/a-protective-order-doesnt-guarantee-sealing/ (Hon. Karen L. Stevenson, U.S. Magistrate Judge for the Central District of California); *see also Kamakana v. City and Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) ("Different interests are at stake with

the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.") (quoting *Nixon,* 435 U.S. at 597, 98 S.Ct. 1306).

### C. Sanctions are Not Warranted

#### 1. Rule 11

Other than the Court's denial of the request to seal documents 24 – 27, Defendants submit that Rule 11 sanctions are not appropriate with respect to either Defendants' opposition to Plaintiff's request for sealing (including Plaintiff's request to seal certain documents that Defendants had previously designated under the Protective Order) or Defendants' failure to provide an adequate description of the documents Defendants requested be sealed.

In the first instance, Defendants objectively believed that the position they took in the November 14, 2018 submission with respect to Plaintiff's request for sealing was well grounded in law and fact. As set forth above, Courts in this Circuit recognize a distinction between the confidentiality designations a party makes under the terms of a protective order, on the one hand, and whether those designations are sufficient to warrant sealing when the document is attached to a judicial filing, on the other hand. *See* "A Protective Order Doesn't Guarantee Sealing" Apr. 3, 2017: https://www.americanbar.org/publications/litigation-news/practice-points/a-protective-order-doesnt-guarantee-sealing/ (Hon. Karen L. Stevenson, U.S. Magistrate Judge for the Central District of California); *see also Kamakana v. City and Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) ("Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.") (quoting *Nixon,* 435 U.S. at 597, 98 S.Ct.

1306). Certainly, in the context of the motions for summary judgment, Defendants objectively believed that it was appropriate not to seal the documents Defendants had previously designated as confidential (5-9, 12 and 15-20 on the list provided in the parties' joint submission).

Further, Defendants objectively believed that the Court's November 7, 2018 Order was a warning to the parties that the Court intended to treat any requests for sealing differently than prior requests had been treated up to this point in the case, and that the parties should not request that any materials be sealed absent the most compelling circumstances supported by specific factual findings. In hindsight, Defendants clearly read too much into the Court's November 7, 2018 Order. But as the advisory committee note to the 1983 amendments to Rule 11 caution, the wisdom of hindsight should be avoided, and the attorney's conduct must be judged by "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee note to 1983 amendments.

Defendants also objectively believed that they were adequately responding to the Court's request for a description of the documents for which they sought sealing in categories #24-27 of the parties' November 14, 2018 submission. Defendants now see that merely identifying where the document could be found in prior filings was not helpful to the Court or responsive to what the Court had requested. While this was clearly an error, Defendants submit that the error was not "reckless and unreasonably vexatious" and has not had the effect of "multipl[ying] the proceedings." *See Pringle v. Adams*, 556 Fed Appx 586 (9th Cir. 2014). And, the Court has in effect imposed a sanction by ruling that the documents requested by the Defendants not be sealed.

**2.     28 U.S.C. § 1927**

Defendants also submit that sanctions are inappropriate under 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous

argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *Id.* (internal citations omitted).

As set forth above, Defendants objectively believed that the position they took in the November 14, 2018 submission with respect to Plaintiff's request for sealing was well grounded in law and fact. In particular, Defendants believed – and still believe – that under Ninth Circuit precedent it is not inconsistent to oppose sealing of documents (particularly in the context of the parties' cross-motions for summary judgment and the Court's November 7, 2018 Order as interpreted by Defendants) that have been designated under the Protective Order, regardless of the party that designated those documents. Defendants' opposition to Plaintiff's sealing requests was not frivolous; it was not advanced for purposes of harassing Plaintiff; and it was not intended to increase expenses or cause delay.

Similarly, while Defendants did not provide an adequate description of their own documents for which sealing was sought [and denied by the Court], this error was not made in bad faith and was not a tactic undertaken with intent to increase expenses or delay the proceedings.

### 3. The Court's Inherent Powers to Sanction Parties

Courts also have the inherent power to sanction a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Under a court's inherent power, "a court 'certainly may assess [sanctions] against counsel who willfully abuse judicial processes.' " *Id.* at 991 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.' " *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citation omitted). "A finding of bad faith is warranted where an attorney

'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.' " *Id.* at 649; *see also In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).

For the reasons set forth *supra*, section III.C.2., exercise of the Court's inherent power to sanction Defendants in this context is not warranted here.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that sanctions should not be imposed.

DATED: November 29, 2018        DUANE MORRIS LLP

By: /s/ Lawrence H. Pockers
Angela Hebberd
Lawrence H. Pockers (admitted *pro hac vice*)
Thomas T. Loder (admitted *pro hac vice*)

Attorneys for Defendants
PAUL SCHEMBARI; ACP JET CHARTERS, INC.; PHENIX JET INTERNATIONAL, LLC; and COSA DI FAMIGLIA HOLDINGS, LLC