Sanford L. Michelman (SBN 79702)
smichelman@mrllp.com
Robert D. Estrin (SBN 260402)
restrin@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Telephone:   (310) 564-2670
Facsimile:   (310) 564-2671

Mona Hanna, (SBN 131439)
mhanna@mrllp.com
Todd H. Stitt (SBN 179694)
tstitt@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, 10th Floor
Irvine, California 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Plaintiff WESTERN AIR
CHARTER, INC. dba JET EDGE

*Further Attorney information continued
on Page 2*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN AIR CHARTER, INC., doing business as JET EDGE INTERNATIONAL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAUL SCHEMBARI; ACP JET CHARTERS, INC.; PHENIX JET INTERNATIONAL, LLC; COSA DI FAMIGLIA HOLDINGS, LLC<br><br>Defendants. | Case No. 2:17-cv-00420-JGB (KSx)<br><br>**JOINT NOTICE OF MOTION AND MOTION TO VACATE JUDGMENT AND DISMISS ACTION BASED ON SETTLEMENT (FED. R. CIV. P. 60(b))**<br><br>Date:       February 24, 2020<br>Time:       9:00 a.m.<br>Judge:      Hon. Jesus G. Bernal<br>            Courtroom: 1<br>            3470 Twelfth Street<br>            Riverside, CA 92501 |

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1

*Continued Attorney Information:*

Courtney L. Baird (SBN 234410)
clbaird@duanemorris.com
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101
Telephone: +1 619.744.2200
Facsimile: +1 619.744.2201

Lawrence H. Pockers (admitted *pro hac vice*)
lhpockers@duanemorris.com
Thomas T. Loder (admitted *pro hac vice*)
ttloder@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Telephone: +1 215.979.1000
Facsimile: +1 215.979.1020

Attorneys for Defendants PAUL SCHEMBARI; ACP JET CHARTERS, INC.; PHENIX JET INTERNATIONAL, LLC; and COSA DI FAMIGLIA HOLDINGS, LLC

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 24, 2020, at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California located at 3470 Twelfth Street in Riverside, California, plaintiff Western Air Charter, Inc. ("Jet Edge") and defendants Paul Schembari, ACP Jet Charters, Inc., Phenix Jet International, Inc., and Cosa di Famiglia Holdings, LLC ("Defendants") will and do hereby move the court, under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6) to vacate the amended judgment entered on July 25, 2019[1].  Plaintiff and Defendants also jointly request that all claims in the underlying action be dismissed with prejudice.

This motion is made on the grounds that all parties to this case have reached a global settlement whereby Defendants will pay Jet Edge an amount that Jet Edge has agreed to accept in full satisfaction of the judgment.  As part of the settlement, the parties have agreed to jointly move this Court to vacate the amended judgment, and to dismiss the underlying action, in its entirety, with prejudice.

This motion is based on the attached memorandum of points and authorities; all pleadings and documents on file; and such oral argument and other evidence as the Court shall consider in connection with the hearing on this Motion.

---

[1]    Jet Edge and Defendants hereby agree and stipulate that the requested vacatur of the amended judgment does not give effect to the original judgment, entered on March 7, 2019, which shall remain superseded and of no force and effect after the requested vacatur of the amended judgment.

1

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1

DATED:   Jan. 24, 2020

**DUANE MORRIS LLP**

By:   */s/ Lawrence H. Pockers*
Courtney L. Baird
Lawrence H. Pockers (admitted *pro hac vice*)
Thomas T. Loder (admitted *pro hac vice*)

Attorneys for Defendants
PAUL SCHEMBARI; ACP JET
CHARTERS, INC.; PHENIX JET
INTERNATIONAL, LLC; and COSA DI
FAMIGLIA HOLDINGS, LLC

DATED:   Jan. 24, 2020

**MICHELMAN & ROBINSON LLP**

By:   */s/ Mona Z. Hanna*
Sanford L. Michelman
Robert Estrin
Mona Z. Hanna
Todd H. Stitt

Attorneys for Plaintiff
WESTERN AIR CHARTER, INC. dba JET
EDGE INTERNATIONAL

2
JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court entered an amended judgment in this case on July 25, 2019. Defendants and Jet Edge filed notices of appeal. While the appeals were pending, the parties reached a global settlement that resolves both this case and *Western Air Charter, Inc. v. Sojitz Corp. et al.,* No. 2:18-cv-7361. In light of that settlement, Jet Edge and Defendants jointly request that this Court vacate the amended judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6), which permit the Court to relieve a party from a final judgment on the ground that "the judgment has been satisfied, released, or discharged," "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." "Use of the disjunctive 'or' makes it clear that each of the provision's three grounds for relief is independently sufficient…." *Horne v. Flores,* 557 U.S. 433, 453 (2009). In addition to vacatur of the amended judgment, the parties also jointly request that the action be dismissed with prejudice, concluding this litigation.

## I.   THIS COURT HAS THE POWER TO VACATE ITS JUDGMENT BASED ON A SETTLEMENT.

The Supreme Court has recognized that Rule 60(b) is the proper vehicle to seek vacatur of a judgment after parties settle a case. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 29 (1994). A district court's determination whether to vacate its judgment under Rule 60(b) turns on equitable balancing. *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1169 (9th Cir. 1998); *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1170 (9th Cir. 2005). Factors to be considered include (1) "'the consequences and attendant hardships of dismissal or refusal to dismiss'" and (2) "'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games,* 142 F.3d at 1168. District courts also have the power to dismiss an action in conjunction with vacating the judgment. *See, e.g.*, *Hebrew Univ. of Jerusalem v. Gen. Motors LLC*, No. CV-10-3790-AB (JCX), 2015 WL 9653154, at *3 (C.D. Cal. Jan. 12, 2015)

3

DM1\10335889.1

(granting Rule 60(b) motion to vacate judgment, and dismissing the action).   Here, because the parties agree the judgment has been satisfied, the Court should grant their motion to vacate the same.  *See* 12 James Wm. Moore, Moore's Federal Practice § 60.45 (3d ed. 2007) ("In most instances, the only question is whether the judgment from which relief is sought has, indeed, been satisfied.").  The Equities Support The Parties' Joint Request for Vacatur And Dismissal.

Jet Edge and Defendants settled this case as part of a global settlement that also resolves *Western Air Charter, Inc. v. Sojitz Corp. et al.,* No. 2:18-cv-7361.  The settlement will conserve substantial judicial resources.  In this case, the Ninth Circuit will not need to read hundreds of pages of briefing and exhibits since Jet Edge and Defendants will not pursue their appeals.  The settlement also eliminates any possibility of a second trial.  In, *Western Air Charter, Inc. v. Sojitz Corp.*, the settlement results in the dismissal of both the complaint and cross-complaint, thus saving the Court from needing to oversee discovery, rule on dispositive motions and other filings, and empanel a jury for trial.  Granting this motion supports the Ninth Circuit's policy of encouraging settlement and conserving judicial resources.  *See Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir.1988) ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements'").

The fact the parties are *jointly* seeking relief likewise supports granting the motion, because it demonstrates that granting relief will not impose any hardship on the parties.  *Click Entm't, Inc. v. JYP Entm't Co.,* No. CIV.07-00342 ACK-KSC, 2009 WL 3030212, at *3 ("'Insofar as the prevailing party causes [a final judgment] to become moot [ (in this case, by reaching a settlement agreement) ], preservation of the district court judgment is problematic"; no hardship in granting joint request for vacatur).

Finally, the vacatur will not risk future relitigation because the global settlement includes broad mutual releases that would preclude any future litigation

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1

based on the facts at issue in the two cases being dismissed with prejudice.

## II.    CONCLUSION

The equities favor granting the parties' joint request to vacate the amended judgment and to dismiss the action with prejudice.  The Court therefore should exercise its power to grant that relief under Rule 60(b).


DATED:   Jan. 24, 2020              **DUANE MORRIS LLP**


By:   */s/ Lawrence H. Pockers*
Courtney L. Baird
Lawrence H. Pockers (admitted *pro hac vice*)
Thomas T. Loder (admitted *pro hac vice*)

Attorneys for Defendants
PAUL SCHEMBARI; ACP JET CHARTERS, INC.; PHENIX JET INTERNATIONAL, LLC; and COSA DI FAMIGLIA HOLDINGS, LLC


DATED:   Jan. 24, 2020              **MICHELMAN & ROBINSON LLP**


By:   */s/ Mona Z. Hanna*
Sanford L. Michelman
Robert Estrin
Mona Z. Hanna
Todd H. Stitt

Attorneys for Plaintiff
WESTERN AIR CHARTER, INC. dba JET EDGE INTERNATIONAL

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Sanford L. Michelman, counsel for Plaintiff/Counter-Defendant Western Air Charter, Inc. d/b/a Jet Edge International, concurs with the content of this document and that I have obtained Mr. Michelman's authorization to affix his electronic signature to this document.

By:     */s/ Laurence H. Pockers*
Lawrence H. Pockers

6

JOINT MOTION TO VACATE JUDGMENT (FED. R. CIV. P. 60(B))

DM1\10335889.1